374

[Crim. No. 5602.   Second Dist., Div. Three.   July 24, 1956.]

THE PEOPLE, Respondent, v. FLOYD AUGUSTUS PERRY, Appellant.

Harrison M. Dunham for Appellant.

Edmund G. Brown, Attorney General, and Arthur L. Martin, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant Perry and one Boyce were charged with attempted robbery.  In a trial by jury they were convicted.  Perry appeals from the judgment.

Appellant asserts that the evidence was insufficient to support the verdict.

Mr. Thompson, the manager of a food market in Los Angeles, testified that on July 11, 1955, about 9:30 a. m., while he was inside the market and about 15 feet from the entrance, he saw the two defendants enter the store—Boyce entered first and Perry was about 3 feet behind him; Perry went to the front of the butcher counter; Boyce walked toward the witness, pulled a gun, stuck the gun in the

witness' back and said, "[L]et's go into the back"; then the witness and Boyce walked about 50 feet and entered a room at the back of the store; Boyce then made the vegetable man (who was in that room) lie on the floor and he made the witness lie on the vegetable man; then he tied the vegetable man's hands; then, after telling the witness to get up, he put a gun in the witness' back and told him to go to the front of the store and wait on the two customers (who were at the cash register) "as if nothing was happening"; when the witness arrived there, defendant Perry was standing about 5 feet from the check stand; Perry had a hat on; the witness waited on the two customers; then Perry asked for two packages of Viceroy cigarettes; the witness gave the cigarettes to him but he did not offer to pay for them; at that time the witness was still in fear of the gun; Perry was then standing in front of the witness with his right hand in his (Perry's) coat pocket, and Perry said to the witness, in a firm voice, "Close the door up. Lock it"; at that time Boyce had gone behind the butcher counter and had taken the butcher into the back room; then the witness went to the double doors in front of the store and closed one of them; at that time another customer came in, and Perry "motioned with his hand in his pocket" for the witness to get behind the counter and wait on the customer; the customer did not stop at the check stand, and when Perry turned his head and was watching the customer the witness (manager) ran out the front door of the store.

Mr. Chang, the butcher, testified that one of the defendants asked him about ham; he (witness) did not remember which defendant asked that; one of the defendants, who had something "like metal" in his hand, ordered the witness to go to the back room; the witness felt "this metal" in his back when he was ordered to the back room; he thought it was Boyce who ordered him to the back room; when the witness arrived in the back room he saw the vegetable boy lying on the floor; the man who ordered him to the back room tied him (witness) up.

Mrs. Premo testified that on said July 11, about 9:30 a. m., she was in the alley by the market and she saw Perry run from the front of the store and get into a Buick car that was parked in the alley, and saw him drive away "as fast as he could"; he was not wearing a hat.

Mr. Hirabayashi, the vegetable boy, testified that when he was in the back room he saw Boyce and Mr. Thompson (the

manager) come into that room, and at that time Boyce had a gun in the back of the manager; Boyce told the witness to lie on the floor; the manager lay on the witness; Boyce tied the witness' hands, and then told the manager to go to the front of the store; in a couple of minutes Boyce forced the butcher into the back room and forced him to lie on the floor.

Officer Hall testified that on said July 11, about 9:30 a. m., he saw Boyce, who was crouched in shrubbery in a fence corner, at a place about a block from said market; he arrested Boyce; and on the opposite side of a house from the place where he arrested Boyce, he found a gun (Exhibit 1).

Officer Gildea testified that he and Officer Aselin had a conversation with Perry on July 13; in that conversation Perry said: He and Boyce went into the market and he "took the manager at the cashier's stand"; a customer walked in, and Perry turned his back momentarily to the manager and at that time the manager ran out of the market; then Perry yelled, "Jimmy," several times; "Jimmy," who was Boyce, did not answer; then Perry ran out of the store, jumped in his car and drove away. Officer Gildea testified further that on said July 13 he and Officer Aselin had a conversation with Perry and Boyce when both defendants were present; he (Gildea) asked Boyce if he went into the market with Perry and proceeded to the meat market; he replied, "Yes"; he (Gildea) asked Perry if he was the one who took the manager; he replied, "Yes"; then Perry said that he was to be known as Frank, and Boyce was to be known as Jimmy. Boyce said that he took the butcher to the rear of the store and tied him up. Perry said that after he yelled, "Jimmy," several times he ran to his car and left the scene. Boyce said that when he came from the back of the store no one was in the store, and then he "took off." Officer Gildea said to Perry, "Did you simulate a gun?"; he replied, "Yes, I used the top of an oil can, an oil can spout." Officer Gildea also testified that he found two packages of Viceroy cigarettes under the front seat of Perry's Chrysler automobile; he did not find any cigarettes in the glove compartment of that automobile.

Officer Aselin testified that he and Officer Gildea had a conversation with Perry and Boyce when both defendants were present; he (Aselin) asked Boyce who went to the front of the meat market; he replied that it was Perry, because Boyce went to the check stand where the manager was; Perry said that was correct; Boyce said that he took the manager to the rear room, and that after tying the produce man in that

room he (Boyce) returned the manager to the front check stand, where Perry was standing, and then Boyce took the butcher to the rear room and tied him; Perry said that after Boyce left with the butcher, and after Perry had told the manager to lock the doors, a customer came in, and Perry turned to see what the customer was going to do and then the manager went out the front door; Boyce said that after he came from the rear room no one was in the store, and he called "Frank" several times, and no one answered and he walked out.

Defendant Perry testified that on said July 11 he parked his car in a parking lot by said store and went to the meat counter in the store and talked with the butcher about a ham; while the butcher was trimming a ham that Perry selected, Perry went to the check stand and purchased two packages of cigarettes; at that time a little fellow came into the store, and as the little fellow passed the check stand the manager "broke and ran out" of the store; then Perry looked at the little fellow, who had come in, and he was walking fast toward the back and went out of sight; Perry looked around and did not see the butcher or the Seven-Up man who had been in there, and that left Perry alone in the store and it indicated to him that "something was happening in that store," so he (Perry) ran fast to his car, jumped in it and left in a hurry. He testified further than he saw Boyce in the back of the store but he did not know at that time that it was Boyce; he left 50 cents on the counter as payment for the cigarettes; he put the cigarettes in the glove compartment of his automobile; he had two automobiles—a Buick and a Chrysler; he did not tell the manager to lock the store; he (Perry) was not wearing a hat; he had been convicted of three felonies and had served terms in prison therefor; the last time he saw Boyce, before said July 11, was in 1951 in an institution in Kern County. He denied that he made the statements which the officers said that he made during the conversations with the officers.

Boyce did not testify.

Appellant argues to the effect that the evidence did not connect him with the attempted robbery; that he could have been convicted only under the theory of association, he having admitted that he had known Boyce in prison, and he (Perry) being the only other colored man in the market when Boyce attempted to commit robbery; that the manager's testimony was unreliable, because he said that appellant was wearing a

hat, and Mrs. Premo and appellant said he was not wearing a hat; that the testimony of the officers regarding a conversation with Boyce and appellant "are so contrary" as to be unbelievable; that the testimony of the witnesses who were in the market negates the testimony that anyone shouted, "Jimmy" or "Frank"; the testimony of the officers was false, because Officer Gildea said he found two packages of Viceroy cigarettes under the front seat of a Chrysler automobile, whereas the testimony established that appellant was driving a Buick on the morning of the attempted robbery; that the testimony of the officers was false, because appellant and Boyce denied that they were interrogated when both defendants were together in the same room. Appellant also argues that the affidavit of Boyce, filed herein upon the motion for a new trial, should establish conclusively that appellant's testimony should be believed. In that affidavit Boyce stated that he had not seen Perry since 1951 and had had no contact with him since returning to Los Angeles at the end of Boyce's term in prison; that Boyce never told the officers that he and Perry planned to rob the market and had worked out a system of signals; various statements of the officers (therein specified) were false; Perry is innocent of the charges.

Most of those arguments point out that there were conflicts in the evidence. The matter of determining the conflicts in the evidence was for the jury. This court may not weigh the evidence. If there was substantial evidence to support the jury's determination of the facts, this court is not empowered to change that determination. ■ Some of the evidence, in the light favorable to the prosecution shows: that the defendants entered the store together; that, in addition to the activities of Boyce (wherein Boyce threatened the manager, butcher, and vegetable man with a gun and also tied the butcher and vegetable man), the appellant, while moving his hand "about" in his coat pocket and using an oil-can spout to simulate a gun, demanded that the manager give cigarettes to him, and the appellant also commanded the manager to close and lock the store doors; that appellant did not pay or offer to pay for the cigarettes; that appellant called for Boyce by calling the name "Jimmy"; that when Boyce did not answer the call, the appellant ran out of the store, ran to his automobile, and drove away in a hurry. That was substantial evidence in support of the verdict.

■ It is true that the manager said that appellant was

wearing a hat, and that Mrs. Premo and appellant said that he was not wearing a hat. The resolution of that conflict in the evidence was for the jury in the first instance, and then for the consideration of the trial judge upon a motion for a new trial; and the trial court having approved the finding of the jury, this court may not disturb such finding and the action of the trial court if there was substantial evidence to support the verdict. (See *People* v. *Farrington,* 213 Cal. 459, 463 [2 P.2d 814].) The testimony of the officer that he found two packages of Viceroy cigarettes under the seat of defendant's Chrysler automobile did not necessarily present a conflict in the evidence. Appellant said that he had two automobiles—a Chrysler and a Buick. Mrs. Premo said he drove away in a Buick. Appellant was not arrested until the next day after the attempted robbery. The officer's testimony was a statement as to where he found two packages of cigarettes and was not a statement that appellant drove away in a Chrysler.

No useful purpose would be served by a further summary of the evidence or by discussion of other details of the evidence. The assignments of error relate only to factual matters. The evidence supports the verdict.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.